RECEIVED

MAY 1 8 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
__________ DIVISION

JEREMY BENDER (#03605-036)
Petitioner's Name and Number

1:09cv0828 Sec P

VS.

JOE KEFFER (WARDEN)
Name of Respondent

## APPLICATION FOR FEDERAL WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

1. Present place of confinement UNITED STATES PENITENTIARY, "POLLOCK"

2. Indicate the basis for your petition and complete the portions of the application form indicated:

a. ________ A conviction.
b. ________ A sentence. CAUTION: If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C.§2255 in the federal court which entered the judgment.
c. ________ Prison discipline.
d. ________ A parole problem.
e. ________ A detainer placed by the State of ________________.
f. ________ A deportation order or detainer placed by the Immigration & Naturalization Service.
g. ________ Continued detention in the custody of the Immigration & Naturalization Service.
h. ✓ Other ILLEGAL AND UNLAWFUL DETENTION IN PUNITIVE SEGREGATION

3. **PERSONS CHALLENGING A FEDERAL CONVICTION OR SENTENCE COMPLETE THIS PART.**

a. Name and location of court which entered judgment of conviction and the sentence you are currently serving and which is currently under attack. ________________

b. Date of judgment of conviction. ________________

c. Length of sentence imposed. ______

d. Name of sentencing judge. ______

e. Nature of the offense(s) for which you were convicted (list all counts). ______

f. What was your plea?
______ Guilty
______ Not Guilty
______ Nolo Contendere

If you entered a GUILTY plea to one count or indictment and a NOT GUILTY plea to another count or indictment, give details. ______

g. Type of trial.
______ Jury
______ Judge Only

h. Did you testify at trial?
______ Yes
______ No

i. Did you appeal from the judgment of conviction?
______ Yes
______ No

j. If you did appeal, answer the following:
1. Name of court. ______
2. Result of appeal. ______
3. Date of result. ______
4. Grounds raised on appeal. ______

k. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications or motions withrespect to this judgment in any court, state or federal?

_________ Yes _________ No

If YES, give the following information:

1. Name of court. ______________________________

2. Nature of proceeding. ______________________________

3. Grounds raised. ______________________________

(i) Did you receive an evidentiary hearing on the petition, application, or motion?

_________ Yes

_________ No

(ii) If YES, give the following information:

Result. ______________________________

Date of result. ______________________________

l. Have you filed a motion under Section 2255 of Title 28 of the United States Code to vacate, set aside, or correct the sentence imposed?

_________ Yes

_________ No

If YES, what grounds were presented? ______________________________

m. Do you have any petition, application, or appeal pending in any court, state or federal?

_________ Yes

_________ No

If YES, give the following information:

1. Name of court. ______________________________

2. Nature of proceeding. ______________________________

3. Date of filing. ______________________________

4. Suit Number. ______________________________

5. Current status. ______________________________

n. Have you been sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?

_________ Yes

_________ No

o. Do you have any future sentence to serve after you complete the sentence imposed by the

judgment under attack in this petition?

_______ Yes

_______ No

If YES, give the following information:

1. Name and location of the court which imposed the sentence to be served in the future. ____________________________________________

2. Length of sentence to be served in the future. ______________________

3. Have you filed or do you contemplate filing any petition attacking the judgment which imposed the future sentence.

_______ Yes

_______ No

**4. PERSONS CHALLENGING A DECISION BY THE PAROLE COMMISSION COMPLETE THIS PART.**

a. Have you presented this claim or any other claim challenging the Parole Commission's decision to the National Appeals Board or any other available agency for review?

_______ Yes

_______ No

If YES, what was the result?______________________________________

**5. PERSONS CHALLENGING A STATE DETAINER COMPLETE THIS PART.**

a. Have you presented this claim or any other claim concerning the legality of the state detainer placed against you to that state's highest court? (NOTE: Interstate Agreement on Detainers)

_______ Yes

_______ No

**6. PERSONS CHALLENGING ACTIONS BY THE IMMIGRATION & NATURALIZATION SERVICE COMPLETE THIS PART.**

a. Have you presented this claim or any other claim concerning the INS's action to the Board of Immigration Appeal?

_______ Yes

_______ No

If YES, what was the date and result of the appeal?__________________________

______________________________________________________________

**7. THIS SECTION IS TO BE COMPLETED BY ALL PETITIONERS.**

Specifics of your claim. State concisely and clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. Do not cite case law.

Give only factual information.

GROUND ONE ILLEGAL AND UNLAWFUL DETENTION IN PUNITIVE SEGREGATION.

SUPPORTING FACTS I AM UNDER NO DISCIPLINARY SANCTIONS OR INVESTIGATIONS BY THIS INSTITUTION HOWEVER I'M BEING RESTRICTED AND PUNISHED IN PUNITIVE SEGREGATION

GROUND TWO MR. JOE KEFFER, THE WARDEN AT U.S.P. POLLOCK IS PUNISHING FOR THE COURTS.

SUPPORTING FACTS MR. JOE KEFFER, STATED TO ME SPECIFICALLY HE IS HOLDING ME IN PUNITIVE SEGREGATION BECAUSE, THE CLERK OF COURTS, ASSISTANT UNITED STATES ATTORNEY, AND JUDGE DIRECTED HIM TO DO SUCH

GROUND THREE ABUSE OF AUTHORITY BY THE WARDEN MR. JOE KEFFER

SUPPORTING FACTS MR. JOE KEFFER, HAS NO PROPER AUTHORITY TO HOLD ME IN PUNITIVE SEGREGATION FOR THE F.B.I OR COURTS

GROUND FOUR I AM BEING PUNISHED ~~[illegible]~~ IN PUNITIVE SEGREGATION IN CRUEL AND UNUSUAL MANNERS BY WARDEN JOE KEFFER

SUPPORTING FACTS RESTRICTED TO A CELL 23 HRS A DAY, LOSS OF TELEPHONE, COMMISSARY, VISITS, AND NUMEROUS OTHER THINGS

MAY 12TH, 2009
Date

[signature]
Signature of Petitioner

BP-S288.052 INCIDENT REPORT CDFRM
U.S. DEPARTMENT OF JUSTICE

MAY 1994
FEDERAL BUREAU OF PRISONS

1. Name Of Institution: USP Pollock 1794379

Part I - Incident Report

| | | | |
|---|---|---|---|
| 2. Name Of Inmate Bender, Jeremy | 3. Register Number 03805-036 | 4. Date Of Incident 10-29-08 | 5. Time 7:30 p.m. |
| 6. Place Of Incident A4 Cell 447 | 7. Assignment Plumbing 2 | 8. Unit C-4 | |

9. Incident: Assaulting any person
10. Code: 101

11. Description Of Incident (Date: 10-29-08 Time: 7:30 pm. (Staff become aware of incident)

On the above date and time I observed inmate Bender, Jeremy walking into inmate Harmon cell. As I approach the cell inmate Harmon was trying to get away from inmate Bender because inmate Bender was striking inmate Harmon while he was coming out of his cell. At that time inmate Bender continued hitting and kicking at inmate Harmon upper torso area. At that time responding staff arrived in the unit and escorted inmate Bender out of the unit.

| | | |
|---|---|---|
| 12. Signature Of Reporting Employee | Date And Time 10-29-08/ 10:30 p.m. | 13. Name And Title (Printed) C. Burnett, C.O. Burnett |

| | | |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By [signature] | 15. Date Incident Report Delivered 10-30-08 | 16. time Incident Report Delivered 9:42 |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

| | |
|---|---|
| 18. A. It Is The Finding Of The Committee That You:<br>______ Committed The Following Prohibited Act.<br>______ Did Not Commit A Prohibited Act. | B. ______ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. ______ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action ____________________ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

Chairman (Typed Name/signature) | Member (Typed Name) | Member (Typed Name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP) Replaces BP-288(52) Of Jan 88

BP-S308.052 **ADMINISTRATIVE DETENTION ORDER** CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Institution: USP Pollock

Date/Time: 10-29-08 9:30 pm

Housing Unit: Unit C-4

TO: Special Housing Unit Officer

FROM: C. Lee, Lieutenant , (Name/Title)

SUBJECT: Placement of Bender , Reg. No. 03805-036 , in Administrative Detention

XXXXX (a) Is pending a hearing for a violation of Bureau regulations;
_____ (b) Is pending investigation of a violation of Bureau regulations;
_____ (c) Is pending investigation or trial for a criminal act;
_____ (d) Is to be admitted to Administrative Detention

_____ (1) Since the inmate has requested admission for protection;
I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because* You are being placed in Administrative Detention for Assaulting another person. Assaulting another person can be life threatening and can lead to serious injury to both staff and inmates. Such behavior could encourage other inmates into similar actions.

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date/time) 10-29-08 9:30 pm
Staff Witness Signature/Printed Name C. Parker, Acting Lieutenant Date 10-29-08

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File

(This form may be replicated via WP) Replaces BP-308(52) of JAN 88

BMS-409.051 REQUEST FOR TRANSFER/APPLICATION OF MANAGEMENT VARIABLE CDFRM
SEP 2006
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| From: (Warden/Superintendent) | Facility | Date |
|---|---|---|
| Joe Keffer, Complex Warden | FCC Pollock (USP) | December 29, 2008 |

| Inmate's Name | Register No. |
|---|---|
| BENDER, Jeremy | 03805-036 |

To: (Designations and Sentence Computation Center Administrator)
Delbert G. Sauers, DSCC Chief

_X_ Transfer to: Any High Security level institution via Code 330

____ Apply Management Variable(s) ____

____ Update Management Variable Expiration Date. (New Date): ____

1. Inmate's Medical Status

Inmate Bender is assigned Care Level 1 with no medical restrictions.

2. Institution Adjustment (Include a brief description of the inmate's adjustment during this period of incarceration with emphasis on recent adjustment.)

Inmate Bender's institutional adjustment is viewed as poor. He has received numerous incident reports during his incarceration. Inmate Bender has completed payment toward the Inmate Financial Responsibility Program (IFRP) and he has completed numerous classes during his incarceration. However, since his arrival at this institution, inmate Bender has failed to maintain clear conduct or enroll in recommended classes by his Unit Team.

3. Rationale for Referral. (For Mariel Cuban Detainees, include availability of community resources and status of INS review process in this section.)

Inmate Bender arrived at this institution on October 3, 2008, via a Disciplinary transfer from USP Florence. While incarcerated at USP Florence, staff observed inmate Bender shutting off the metal detector. Thus, he was sanctioned to a Disciplinary transfer by the DHO. On October 30, 2008, at FCC Pollock (USP), staff observed inmate Bender assault two inmates in the A-4 housing unit. A homemade weapon was recovered near one of the victim's feet. Both victims were escorted to an outside medical facility for treatment due to the severity of their injuries. Additionally, all inmates involved were given a CIM assignment of Separation. Based on these facts, we are requesting that inmate Bender receive an Adjustment Purposes transfer to or any High Security level institution at the Designator's discretion.

4a. Parole Hearing Scheduled: ___ Yes _X_ No | b. If yes, when ____

5. Note any past or present behavior and/or management/inmate concerns.

Inmate Bender has incurred numerous incident reports during his incarceration to include Assaulting With Serious Injury, Disruptive Conduct-High, Possessing Intoxicants (x2), Possessing a Hazardous Tool, Phone Abuse-Non Criminal, Escaping-Secure Custody/Violence, and Stealing. Inmate Bender is a Max custody, High Security level inmate. He has a CMC assignment of Separation and Security Threat Group Assignments of Escape History and Posted Picture File.

6. BP337/BP338 Discrepancies.

There are three discrepancies between the BP337/BP338. The violence category has been updated to reflect less than 5 years serious due to inmate being sanctioned for Assaulting With Serious Injury in November 2008. Secondly, the escape category has been updated to reflect less than 5 years serious due to inmate Bender being sanctioned for Escaping in 2005. Specifically, inmate Bender planned an escape while incarcerated at FCI McKean. The previous scored escape stemmed from a conviction for escaping from the Maine Youth Center in April 1993. Lastly, the Public Safety Factor of Escape was added due to inmate Bender being sanctioned for Escape on February 22, 2005.

Staff have checked the following SENTRY Programs to ensure that they are correct and current:

| | |
|---|---|
| Inmate Profile | CIM Clearance and Separatee Data |
| Inmate Load Data | Custody Classification Form |
| Sentence Computation | Chronological Disciplinary Record |

Prepared by: (Case Manager) [signature] | Unit Manager Signature [signature]

| C. Jefferson/ | K. Montgomery/ |
| --- | --- |

If the transfer is approved, a Progress Report will be completed prior to transfer.
*For Mariel Cuban Detainees - Staff have entered the CMA Assignment of "CRP RV DT" to indicate the need for a Cuban Review Panel Hearing four months from his/her Roll-Over Date.

(*This form may be replicated via WP*)

*This form replaces EMS-409 of DEC 99*

ExHiBit A

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| | | | | | |
|---|---|---|---|---|---|
| INSTITUTION | FCC Pollock | INCIDENT REPORT NUMBER | | | **1794379** |
| INMATE NAME | **BENDER, Jeremy** | REG NO | **03805-036** | UNIT | C 4 |
| DATE OF INCIDENT | 10-29-08 | DATE OF INCIDENT REPORT | | | 10-29-08 |
| OFFENSE CODE(S) | **101** | | | | |
| SUMMARY OF CHARGES | **Assaulting with Serious Injury** | | | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 10-30-08 at (time) 2000pm (by staff member) J. Bacon, Lieutenant

B. The DHO Hearing was held on (date) 11-10-08 at (time) 1:09 pm

C. The inmate was advised of his/her rights before the DHO by (staff member): C. Jefferson, Case Manager on (date) 10-31-08 and a copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

| | | | | |
|---|---|---|---|---|
| A. Inmate waived right to staff representative. | Yes: | x | No: | |

B. Inmate requested staff representative and appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

D. Staff representative N/A was appointed.

**III. PRESENTATION OF EVIDENCE**

| | | | | |
|---|---|---|---|---|
| A. Inmate admits | x | denies | | the charge(s). |

B. Summary of inmate statement:

Inmate BENDER stated he was ready to proceed at this time, he requested no staff representative nor witnesses and he understood his rights before the DHO. Inmate BENDER stated he received his copy of the incident report. Delays were encountered in this process, to include a rewrite, were reported not to have affected inmate's pending defense.

You told the DHO, "I stabbed them both." "I felt as I had to defend myself."

C. Witness(es):

| | | | | |
|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes: | | No: | x |

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| | | | | | | |
|---|---|---|---|---|---|---|
| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Staff supporting memorandums, to include...

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

| | |
|---|---|
| X | A. The act was committed as charged. |
| | B. The following act was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)**

The DHO finds that on October 29, 2008, at or about 7:30 p.m., you committed the prohibited act of Assaulting any Person, Code 101. The DHO relied on the account of the reporting staff member who stated that Inmate BENDER, Jeremy # 03805-036 was observed walking into Inmate HARMON's cell. As staff approached the cell, Inmate HARMON was trying to get away from Inmate BENDER because Inmate BENDER was striking Inmate HARMON while he was coming out of his cell. As Inmate HARMON exited the cell, he was bleeding from his back. Inmate HARMON fell to the ground as Inmate BENDER continued hitting and kicking Inmate HARMON's upper torso. Responding staff arrived in the unit and escorted Inmate BENDER out of the unit. There was a homemade weapon found between Inmate HARMON's feet. Inmate HARMON had wounds consistent of stab wounds to his back. Inmate HARMON was escorted to medical.

The DHO believes you committed the prohibited act of code 101. The decision was based on the account of the reporting officer you were observed assaulting inmate HARMON. Greater weight was placed with staff statements rather than not. Your admission is noted. You stated that you stabbed them both.

At no time are you allowed to engage in any type of physical contact nor induce harm to staff or other inmates. This type behavior is a clear violation of Bureau of Prisons rules, is perceived as being disruptive, abusive, and is clearly not acceptable. Should further conduct of this nature continue, it will once again lead to disciplinary action.

Accordingly, it is the finding of the DHO that you committed the prohibited act as charged.

**VI. SANCTION OR ACTION TAKEN**

| | | |
|---|---|---|
| Disallowance of Good Conduct Time: | 40 days | |
| Disciplinary Segregation: | 45 days | |
| Loss of Privilege: COMMISSARY | 6 months | Suspended pending clear conduct for 180 days |
| Loss of Privilege: PHONE | 6 months | Suspended pending clear conduct for 180 days |
| Loss of Privilege: VISITS | 6 months | |

**VII. REASON FOR SANCTION OR ACTION TAKEN**

You were sanctioned with Disallowance of Good Conduct Time, Disciplinary Segregation, and loss of privileges as punishment. The action on the part of an inmate to assault or

DISCIPLINE HEARING OFFICER REPORT BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

injure another person; whether another inmate or staff member, poses a serious threat not only to himself, but to the health, safety, and welfare of all others. As a serious assault was carried out, the charge was found to be appropriate.

The sanctions imposed by the DHO are to let you know that you, and you alone, are responsible for your actions.

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X | No | | |
|---|---|---|---|---|---|

IX. DISCIPLINE HEARING OFFICER

| Printed Name | Signature | | Date | |
|---|---|---|---|---|
| Milton B. White, DHO | [signature] | | 11/25/08 | |
| DELIVERED TO INMATE | DATE | 12/5/08 | TIME | |

(This form may be replicated in WP) Replaces BP-304(52) of JAN 88

POLC6 606.00 * MALE CUSTODY CLASSIFICATION FORM AS OF 03-24-2009 10:03:18
PAGE 001 OF 001

Exhibit B

(A) IDENTIFYING DATA

REG NO..: 03805-036 FORM DATE: 12-18-2008 ORG: POL
NAME....: BENDER, JEREMY
MGTV: NONE
PUB SFTY: SENT LGTH, ESCAPE MVED:

(B) BASE SCORING

DETAINER: (0) NONE SEVERITY.......: (3) MODERATE
MOS REL.: 149 CRIM HIST SCORE: (10) 16 POINTS
ESCAPES.: (3) SERIOUS VIOLENCE.......: (7) < 5 YRS SERIOUS
VOL SURR: (0) N/A AGE CATEGORY...: (4) 25 THROUGH 35
EDUC LEV: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (1) <5 YEARS

(C) CUSTODY SCORING

TIME SERVED.....: (4) 26-75% PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR TYPE DISCIP RPT: (0) GREATEST
FREQ DISCIP RPT.: (1) 2-5 FAMILY/COMMUN..: (4) GOOD

--- LEVEL AND CUSTODY SUMMARY ---

| BASE | CUST | VARIANCE | SEC TOTAL | SCORED LEV | MGMT SEC LEVEL | CUSTODY | CONSIDER |
|---|---|---|---|---|---|---|---|
| +28 | +9 | +4 | +32 | HIGH | N/A | MAX | SAME |

G0005 TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

RECEIVED

MAY 1 8 2009

AP

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

5.14.09

DEAR CLERK,

PLEASE NOTE THE 5.00 FILING FEE IS CURRENTLY BEING SENT VIA THE INTERNET FROM A FRIEND.

THANK YOU

SPENDER

Jeremy A. Bender,
Registry # 03805-036
United States Penitentiary, (Pollock)
P.O. Box 2099
Pollock, LA. 71467




Legal Mail

Attn: Clerk of Court,
United States District Court
Western District of Louisianna
300 Fannin St., Suite 116
Shreveport, Louisianna
71101-308

**UNITED STATES PENITENTIARY**
POLLOCK
POLLOCK LA.

DATE 5/15/09

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER [illegible] ENCE FOR [illegible] TO ANOTHER ADDRESSEE, PLEASE [illegible] ABOVE ADDRESS.