RECEIVED
IN ALEXANDRIA, LA
AUG 2 4 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY BENDER<br>    FED. REG. #03805-036 | CIVIL ACTION NO. 09-0828 |
| VS. | SECTION P |
| | JUDGE DRELL |
| JOE KEFFER, WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jeremy Bender filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on May 18, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock (USPP) and he complains that he has been illegally detained in administrative segregation in the Special Housing Unit (SHU) at USPP. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

*Background*

Petitioner is an inmate in the custody of the BOP. He is incarcerated at the USPP. On October 29, 2008 he was charged

with physically assaulting a fellow inmate[1] and placed in administrative detention pending a hearing. [rec. doc. 1, p. 6, Incident Report; p. 7, Administrative Detention Order]

On November 10, 2008 a hearing was convened before the Disciplinary Hearing Officer (DHO). Petitioner admitted the charge of Assault with Serious Injury (Offense Code 101) and the DHO concluded that the act was committed as charged. Petitioner forfeited 40 days of good time and was ordered confined in Disciplinary Detention for 45 days. [rec. doc. 1, pp. 10-12, DHO Report]

On December 29, 2008, petitioner was determined to be a candidate for transfer to "any high security level institution ..." [rec. doc. 1, pp. 8-9] According to the transfer request, petitioner's institutional adjustment was viewed as "poor" because of the numerous incident reports received during his incarceration. [*Id.*] According to the report, petitioner arrived at USPP on October 3, 2008 when he was transferred from the USP Florence. That transfer occurred because petitioner had been

---

[1] According to the incident report, Corrections Officer Burnett, "... observed inmate Bender, Jeremy walking into inmate Harmon['s] cell. As I approach[ed] the cell inmate Harmon was trying to get away from inmate Bender because inmate Bender was striking inmate Harmon while he was coming out of his cell. At that time inmate Bender continued hitting and kicking at inmate Harmon['s] upper torso area..." [rec. doc. 1, p. 6, ¶11]

2

observed "... shutting off the metal detector..." He had also been observed committing a physical assault and seriously injuring two other inmates whose injuries necessitated hospitalization. [*Id.*]

In January 2009 he was reclassified. [rec. doc. 1, p. 13] Warden Keffer stayed the transfer and maintained petitioner in detention pending further investigation by the Federal Bureau of Investigation and the United States Attorney. [rec. doc. 1-3, p. 2]

Petitioner complains that the Warden "... has violated my Constitutional Rights specifically my 5th Amendment right to due process and my 8th and 14th amendment rights governing cruel and unusual punishment by illegally detaining [him] in punitive segregation ... for no reason... [since he] completed all disciplinary sanctions and [is] under no investigation..." [rec. doc. 1-3, p. 3] Petitioner complains that he suffers "duress" and "severe mental anguish" as a result of his continued detention in disciplinary segregation. [*Id.*]

On April 9, 2009 petitioner submitted an Informal Resolution Attempt concerning his continued detention in USPP's SHU. On April 29, 2009, his correctional counselor replied, "On October 29, 2008 you were involved in an assault of another

3

inmate here at USP Pollock. You will remain in the Special Housing Unit of USP Pollock until it has been determined by the Federal Bureau of Prisons and the Assistant United States Attorney's Office of the Western District of Louisiana that your [presence] here is no longer necessary." Petitioner was instructed to appeal to the Warden using Administrative Remedy Form BP-229 should he be dissatisfied with the response. [rec. doc. 6, p. 3]

### *Law and Analysis*

Petitioner contends that his continued detention in the SHU violates his due process rights as guaranteed by the Fifth Amendment, and, his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment.[2] He seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. However, petitioner can utilize *habeas corpus* proceedings only if he is challenging the <u>fact or duration of his confinement</u>. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); see also <u>Spina v. Aaron</u>, 821 F.2d 1126, 1128 (5th Cir.1987). Put another way, if "a favorable determination would not automatically entitle [the prisoner] to

---

[2] Petitioner also makes reference to a violation of the Fourteenth Amendment's prohibition against cruel and unusual punishment. However, the Fourteenth Amendment contains no such prohibition and the amendment otherwise prohibits the states from depriving persons of liberty or property without due process.

4

accelerated release" he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997), quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996).

Attacks on conditions of confinement are not cognizable in a *habeas* petition. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue *habeas corpus* relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.")

Petitioner's Fifth Amendment (due process) and Eighth Amendment (cruel and unusual punishment) claims contest the conditions and not the fact or duration of his confinement. Since success in this proceeding would not entitle petitioner to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. §2241.

Put yet another way, since petitioner's placement in administrative segregation, in itself, has had no effect on the duration of his confinement he is not entitled to *habeas* relief. Compare Dixon v. Hastings, 202 Fed. Appx. 750 (5th Cir.

5

2006)(unpublished).

Instead, a civil rights action[3] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. Johnson v. Pfeiffer, 821 F.2d 1120, 1123 (5th Cir.1987); Preiser, 411 U.S. at 498, 93 S.Ct. at 1840-41. The undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to Bivens. Allowing petitioner to prosecute this action based on the payment of the $5.00 *habeas corpus* filing fee instead of the $350.00 filing fee applicable to civil rights actions would allow petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act.

Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.[4]

---

[3] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[4] It is not entirely clear that petitioner could succeed on his due process claim even if he filed the appropriate cause of action. This is so because, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). A prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Thus, relying on Sandin, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996) (quoting Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violate due process. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998) (per curiam)(Absent extraordinary circumstances,

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

---

administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.). In other words, when a prisoner is lawfully incarcerated, he loses, by virtue of his confinement, many of the rights and privileges that most citizens enjoy. Madison v. Parker, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere changes in the conditions of confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768).

Furthermore, petitioner is cautioned that before he may proceed with a civil rights complaint alleging Fifth or Eighth Amendment violations, he would be required, pursuant to the provisions of 42 U.S.C. §1997e to exhaust the administrative remedies provided by the BOP. It appears that petitioner has begun the process, but he has not completed it.

the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed, in chambers, Alexandria, Louisiana August 24, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE